Center for Disability Access
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michellu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carolyn Boykin**,<br><br>Plaintiff,<br><br>v.<br><br>**Body Contour Centers, LLC dba Sono Bello**, and Does 1-10, Inclusive,<br><br>Defendants. | Case No.<br><br>**Complaint for Damages and Injunctive Relief for Violations Of**:<br><br>1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 <u>et seq</u>.;<br>2. California's Unruh Civil Rights Act, Cal. Civ. Code §51 <u>et seq</u>.; and<br>3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 <u>et seq</u>. |

Plaintiff Carolyn Boykin ("Plaintiff") complains of Defendants Body Contour Centers, LLC dba Sono Bello and Does 1-10, Inclusive (collectively "Defendants"), and alleges as follows:

1

Complaint

## INTRODUCTION

1.    Plaintiff Carolyn Boykin brings this lawsuit to challenge the discriminatory acts and omissions of Body Contour Centers, LLC dba Sono Bello ("Sono Bello").

2.    On two separate occasions in 2019 and 2020, Plaintiff was summarily denied services at the Sono Bello facility in Sacramento, California solely because she is a person with a disability who uses a wheelchair.

3.    Defendants effectively ban, and fail and refuse to accommodate, people with mobility disabilities seeking laser liposuction and body contouring services from their facility.

4.    Defendants' acts, omissions and discriminatory policies, as set forth herein, have subjected Plaintiff to discrimination on the basis of her disability in violation of Title III of the Americans with Disabilities Act and related state statutes.

5.    As a direct and proximate result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, services, facilities, privileges, advantages, or accommodations offered at Sono Bello.

6.    Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide her "full and equal" access to the goods, services, facilities, privileges, advantages, or accommodations offered at Sono Bello as required by law.

7.    Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing her civil rights.

Complaint

**PARTIES**

8.     Plaintiff is, and at all times relevant herein was, an individual and California resident.

9.     Body Contour Centers, LLC is a Delaware Limited Liability Company doing business in the State of California as Sono Bello.

10.     Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

11.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

13.     Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law,

Complaint

specifically, the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., both of which expressly incorporate the Americans with Disabilities Act. Cal. Civ. Code §§ 51(f), 54.1(d).

14.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

15.    Plaintiff has physical impairments resulting from myopathy of the spine.

16.    Plaintiff is significantly limited with regard to her mobility.

17.    Plaintiff uses a wheelchair for mobility.

18.    Defendants are, and at all times relevant herein were, the owner, operator, lessor and/or lessee of the Sono Bello facility located at 1750 Howe Avenue, Suite 500, in the City of Sacramento, California (hereinafter "Sono Bello Sacramento").

19.    Sono Bello advertises itself as a "national leader in laser liposuction and body contouring." Sono Bello boasts over locations spanning across the United States, including the Sacramento location.

20.    On February 28, 2019 Plaintiff called Defendants' toll free number to inquire about abdomen fat removal. A pre-consultation was conducted  by phone and Plaintiff was determined to qualify for a service discount.

21.    During her February 28, 2019 consultation, Plaintiff disclosed to Defendants that she uses a wheelchair.  Defendants told Plaintiff that her use of a wheelchair would not be an issue.

22.    Defendants provided Plaintiff with the address of her local Sono Bello facility, Sono Bello Sacramento.

4

23.     Plaintiff later visited Sono Bello Sacramento, seeking to obtain abdomen fat removal services. Once staff at the facility saw that Plaintiff was in a wheelchair, they directed her to speak to the manager.

24.     The manager at Sono Bello Sacramento asked Plaintiff if she could stand and bear weight.

25.      The manager at Sono Bello Sacramento advised Plaintiff that she would need to stand and move every 20 mins post-procedure to avoid development of blood clots.

26.     Plaintiff advised the manager that she had assistants that could help her with any required weight-bearing movement post-procedure. Plaintiff also told the manager that she was able to independently move her body.

27.     At that point the manager cut Plaintiff off stating that Sono Bello Sacramento was simply not equipped to assist wheelchair users and that Plaintiff would not be able to obtain fat removal services from their facility.

28.     Plaintiff left the facility and called Defendants' toll-free number to complain about the way she had been treated and report the fact that she had been denied services.

29.     Defendants' toll-free phone line representative advised Plaintiff that she should not have been denied services and advise her to go back to Sono Bello Sacramento. Plaintiff was so upset and discouraged however, that she did not return.

30.     Over a year later, on September 24, 2020, Plaintiff decided to give Sono Bello another chance, as she was still interested in obtaining fat removal services.   Plaintiff called Sono Bello Sacramento to make an appointment. Plaintiff spoke to a female receptionist.

31.     Plaintiff shared the details of her prior experience trying to obtain services from Sono Bello Sacramento with the receptionist. The receptionist told Plaintiff that Plaintiff's denial of services had to do with an inability to

Complaint

perform a body mass calculation. Again, Plaintiff was denied an appointment and services from Sono Bello Sacramento.

32.    At all times herein relevant, Plaintiff was qualified to receive fat removal services at Sono Bello Sacramento.

33.    At all times herein relevant, Plaintiff was willing and able to perform/fulfill essential pre-procedure requirements and post-procedure care with or without accommodation.

34.    On information and belief, it is Defendants' policy to deny fat removal services to individual who use wheelchairs.

35.    On information and belief, Defendants do not have non-discrimination policies.

36.    On information and belief, Defendants do not have policies for providing reasonable policy modifications to individuals with disabilities who use wheelchairs.

37.    On information and belief, Defendants' employees and agents have not undergone training on how to avoid discrimination against individual with disabilities.

38.    On information and belief, Defendants' employees and agents have not undergone training on how to reasonably accommodate individual with disabilities.

39.    Plaintiff plans to return to Sono Bello Sacramento for fat removal services, as it is located close to her home and the services fall within her budget.

40.    Until Defendants modify their discriminatory policies and practices, Plaintiff will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public at Sono Bello Sacramento and

Complaint

will suffer ongoing discrimination by being prevented and deterred from returning there.

41.    The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

## FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act
### 42 U.S.C. §12101 *et seq*.

42.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

43.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

44.    Plaintiff is, and at all times relevant herein was, a person with a "disability" as defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

45.    Professional offices of health care providers and other service establishments are among the "private entities" which are considered "public accommodations" for purposes of Title III.  42 U.S.C. 12181(7)(F).

46.    Sono Bello Sacramento is a health care and service provider such subject to the provisions of the ADA.

7

Complaint

47.    Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA.  Defendants' discriminatory conduct includes, <u>inter alia</u>:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of her disability. 42 U.S.C. § 12182(b)(1)(A)(i); and

    b. Failing "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

48.    Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unruh Civil Rights Act
### California Civil Code §§ 51 et seq.

49.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

50.    Sono Bello Sacramento is a business establishment, as contemplated by the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 <u>et seq.</u>

8

Complaint

51.     Defendants own and operate Sono Bello Sacramento and, as such, must comply with the provisions of the Unruh Act.

52.     The Unruh Act guarantees, <u>inter alia</u>, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 51(b).

53.     The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

54.     Plaintiff is, and at all times relevant herein was, a person with a "disability" as that term is defined under California law. Cal. Gov. Code § 12926.

55.     Defendants have violated the Unruh Act by, <u>inter alia</u>, denying, or aiding or inciting the denial of, Plaintiffs' rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Sono Bello Sacramento.

56.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA.

57.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was intentional, willful and knowing and/or the product of deliberate indifference, warranting the award of treble damages.

58.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

Complaint

**THIRD CAUSE OF ACTION**

**California Disabled Persons Act**

**California Civil Code §§ 54.1 et seq.**

(***Statutory damages and attorneys' fees only***)

59.   Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

60.   The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all … places of public accommodation, … and other places to which the general public is invited…." Cal. Civ. Code § 54.1(a).

61.   Sono Bello is a medical office, place of public accommodation and/or other place to which the general public is invited, subject to the CDPA.

62.   A violation of the ADA is also a violation of the CDPA.  See Cal. Civ. Code, § 54.1(d).

63.   Defendants have violated the CDPA by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities and privileges of Sono Bello Sacramento.

64.   Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

65.   Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference, warranting the award of treble damages.

Complaint

66.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Unruh Act ordering Defendants to:
   a. Modify their policies and procedures to provide services to people with disabilities who use wheelchairs with or without accommodations to the extent required by law;
   b. Adopt a formal nondiscrimination and reasonable accommodation policies; and
   c. Train Sono Bello Sacramento staff on their obligations to individuals with disabilities under the ADA and related state laws.
2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and
4. Award such other and further relief as the Court may deem just and proper.

Dated:  November 16, 2020

By:   /s/ Michelle Uzeta
        Michelle Uzeta
        Attorneys for Plaintiff

Complaint